IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JASON LEVINE<br>7079 Hoover Drive<br>Mentor, Ohio 44060<br><br>      Plaintiff,<br><br>vs.<br><br>EARTH FARE, INC.<br>3737 W. Market Street<br>Fairlawn, Ohio 44333<br><br>  *please serve:*<br>   CT Corporation System<br>   1300 East Ninth Street<br>   Cleveland, Ohio 44114<br><br>      Defendant. | CASE NO.<br><br>JUDGE<br><br><br><br><br>COMPLAINT<br><br>(Trial by Jury Demanded) |

Plaintiff Jason Levine ("Levine"), for his Complaint against Defendant Earth Fare, Inc., states as follows:

**PARTIES**

1. Levine is an individual residing in Lake County, Ohio.

2. Defendant is a corporation doing business in the State of Ohio and Summit County, Ohio.

## JURISDICTION AND VENUE

3. This is a suit to obtain relief for violations of the Civil Rights Act of 1964, Title VII and the Ohio Revised Code.

4. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. Section 2000e-5(f)(3) and 28 U.S.C Section 1331, as well as this Court's power to assert supplemental jurisdiction of state claims. Levine satisfied all pre-requisites for filing suit, including, without limitation, obtaining a "Notice of Suit Rights" from the Equal Employment Opportunity Commission ("EEOC") dated October 28, 2011.

5. Venue is proper in this District pursuant to, without limitation, 28 U.S.C. § 391(b)(c), because the unlawful discrimination and employment practices alleged below were committed within the State of Ohio, in the Northern District, Eastern Division.

## FACTUAL BACKGROUND

6. Levine realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 5 as if fully rewritten herein.

7. At all times relevant hereto, Defendant employed Levine, who is Jewish, at its retail grocery store located at 3737 West Market Street, Summit County, Ohio (the "Fairlawn Store"), which is the County in which Defendant conducted the activity that gave rise to Levine's claims.

8. At all times pertinent hereto, Defendant employed Levine and was an "Employer" within the meaning of R.C. § 4112.01(A)(2) and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e(b).

9. Defendant owns and operates approximately 21 natural food retail stores throughout Ohio, Tennessee, North Carolina, South Carolina, Georgia, and Alabama.

10. In November 2010, Levine became Defendant's employee. Defendant hired Levine to work as an Assistant Manager at the Fairlawn Store, which had not yet opened for business. Between November 2010 and May 2011, Levine trained at various stores.

11. In or around December 2010, Jack Murphy, Defendant's CEO said to Levine, "You're the guy that is going to be running the Cleveland store." The Cleveland store had yet to open and would need a Store Manager. Several other related comments indicated that a promotion to Store Manager was in Levine's future.

12. When the Fairlawn Store opened on May 11, 2011, Levine began working at that site.

13. As an Assistant Manager at the Fairlawn Store, Levine worked with two other Assistant Managers, all of whom reported directly to Mark Osborne ("Osborne"), Defendant's acting Store Manager and District Manager

14. As soon as Osborne became Levine's direct supervisor, Osborne commenced a pattern of inappropriate behavior and conduct that created a hostile and intimidating work environment for Levine to Levine's detriment.

15. On numerous occasions since May 11, 2011, Osborne made abusive, offensive and unwelcome comments to Levine, including, without limitation:

- called Levine a "dumb, ignorant Jew";
- told Levine "you're Jewish, you're spoiled";
- told Levine to "Jew down" vendors;
- called Levine "ignorant" on multiple occasions;
- threatened to physically harm Levine; and
- cursed at Levine.

3

16. In addition to this continued stream of harassment toward Levine, Osborne often disciplined Levine without any basis whatsoever and in a manner different than the non-Jewish Assistant Managers.

17. Further, Osborne specifically instructed Levine's direct reports "don't listen to Jason." Osborne, however, did not instruct the other Assistant Managers' direct reports not to follow their instructions.

18. All of the above conduct (as well as other inappropriate conduct not listed specifically herein), was inappropriate and unwelcome and constitutes religious discrimination and religious harassment.

19. This continued stream of harassment was directed at Levine because of his religion. The other non-Jewish Assistant Managers were not threatened, cursed at, disciplined or harassed on the basis of their religious beliefs, as was Levine.

20. On several occasions, Levine complained to Defendant to stop the discriminatory conduct, but such conduct did not stop.

21. Instead of stopping such conduct, Osborne disciplined Levine for pretexual reasons and terminated Levine's employment on or about July 30, 2011.

22. Throughout Levine's employment with Defendant, his performance met or exceeded expectations.

23. Defendant hired an individual who is not Jewish to replace Plaintiff and/or assume Levine's duties and/or gave preferential treatment to similarly situated employees who

were not Jewish. On information and belief, Defendant does not employ any Assistant Managers of the Jewish faith.

## COUNT I
### (Hostile Work Environment/Harassment - 42 U.S.C.S. § 2000e-2(a)(1))

24. Levine realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 23 as if fully rewritten herein.

25. Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e-2(a)(1) states, in part, "(a) Employer practices. It shall be an unlawful employment practice for an employer-- (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." This includes the creation of a hostile environment due to religious harassment.

26. Defendant's employee(s) made unwelcome comments to Levine about and because of his religion.

27. The unwelcome comments were severe and pervasive enough to affect the terms and conditions of Levine's employment and did affect the terms and conditions of Levine's employment.

28. Defendant's conduct as alleged herein constitutes unlawful harassment by creating a hostile work environment by subjecting Levine to offensive, unwelcome comments about and because of his religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e-2(a)(1).

29. Defendant acted with malice and reckless indifference to Levine's protected rights and for such willful conduct, Defendant is liable for punitive damages.

5

30. As a direct and proximate result of Defendant's conduct as set forth above, Levine has suffered damages, including but not limited to, emotional and physical distress, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which he is entitled, in an amount to be determined at trial.

## COUNT II
### (Hostile Work Environment/Harassment - R.C. § 4112.02(A))

31. Levine realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 30 as if fully rewritten herein.

32. Revised Code § 4112.02(A) states, in part: "It shall be an unlawful discriminatory practice: (A) For any employer, because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." This includes the creation of a hostile environment due to religious harassment.

33. Defendant's employee(s) made unwelcome comments to Levine about and because of his religion.

34. The unwelcome comments were severe and pervasive enough to affect the terms and conditions of Levine's employment and did affect the terms and conditions of Levine's employment.

35. Defendant's conduct as alleged herein constitutes unlawful harassment by creating a hostile work environment by subjecting Levine to offensive, unwelcome comments about and because of his religion in violation of R.C. § 4112.02(A).

36. Defendant acted with malice and reckless indifference to Levine's protected rights and for such willful conduct, Defendant is liable for punitive damages.

6

37. As a direct and proximate result of Defendant's conduct as set forth above, Levine has suffered damages, including but not limited to, emotional and physical distress, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which he is entitled, in an amount to be determined at trial.

## COUNT III
### (Discrimination - 42 U.S.C.S. § 2000e-2(a)(1))

38. Levine realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 37 as if fully rewritten herein.

39. Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e-2(a)(1) states, in part, "(a) Employer practices. It shall be an unlawful employment practice for an employer-- (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin"

40. Plaintiff is a member of a protected class due to his religion.

41. Plaintiff was and is qualified for Defendant's Assistant Manager position.

42. Defendant took adverse employment actions against Plaintiff, including, but not limited to, terminating his employment.

43. Defendant hired an individual who is not Jewish to replace Plaintiff and/or assume the duties of Assistant Manager and/or gave preferential treatment to similarly situated employees who were not Jewish.

44. Religion was the motivating factor in Defendant's decision to take adverse employment actions against Levine, including, without limitation, the termination of his employment.

45. Defendant acted with malice and reckless indifference to Levine's protected rights and for such willful conduct, Defendant is liable for punitive damages.

46. As a direct and proximate result of Defendant's conduct as set forth above, Levine has suffered damages, including but not limited to, emotional and physical distress, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which he is entitled, in an amount to be determined at trial.

## COUNT IV
### (Discrimination – R.C. § 4112.02(A))

47. Levine realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 46 as if fully rewritten herein.

48. Revised Code § 4112.02(A) states, in part: "It shall be an unlawful discriminatory practice: (A) For any employer, because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

49. Plaintiff is a member of a protected class due to his religion.

50. Plaintiff was and is qualified for Defendant's Assistant Manager position.

51. Defendant took adverse employment actions against Plaintiff, including, but not limited to, terminating his employment.

52. Defendant hired an individual who is not Jewish to replace Plaintiff and/or assume the duties of Assistant Manager and/or gave preferential treatment to similarly situated employees who were not Jewish.

53. Religion was the motivating factor in Defendant's decision to take adverse employment actions against Levine, including, without limitation, the termination of his employment.

54. Defendant acted with malice and reckless indifference to Levine's protected rights and for such willful conduct, Defendant is liable for punitive damages.

55. As a direct and proximate result of Defendant's conduct as set forth above, Levine has suffered damages, including but not limited to, emotional and physical distress, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which he is entitled, in an amount to be determined at trial.

## COUNT V
### (Retaliation)

56. Levine realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 55 as if fully rewritten herein.

57. It is unlawful under Title VII for an employer to retaliate against an employee for engaging in protected activity.

58. Levine complained to Defendant to stop the offensive, inappropriate comments and conduct. Instead of stopping such unlawful conduct, Defendant, among other things, unlawfully terminated Levine's employment.

59. Defendant acted with malice and reckless indifference to Levine's protected rights, and for such willful conduct, Defendant is liable for punitive damages.

60. As a direct and proximate result of Defendant's conduct set forth above, Levine has suffered damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which he is entitled, in an amount to be determined at trial.

## COUNT VI
### (Retaliation)

61. Levine realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 60 as if fully rewritten herein.

62. It is unlawful under R.C. § 4112.02(A) for an employer to retaliate against an employee for engaging in protected activity.

63. Levine complained to Defendant to stop the offensive, inappropriate comments and conduct. Instead of stopping such unlawful conduct, Defendant, among other things, unlawfully terminated Levine's employment.

64. Defendant acted with malice and reckless indifference to Levine's protected rights, and for such willful conduct, Defendant is liable for punitive damages.

65. As a direct and proximate result of Defendant's conduct set forth above, Levine has suffered damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which he is entitled, in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

    A. Compensatory damages;

    B. Punitive and/or exemplary damages;

    C. Pre and post judgment interest;

    D. Attorneys' fees;

    E. Costs; and

F.  Such other and further relief as is allowed by law and/or as is equitable under the circumstances.

Respectfully submitted,

/s/ Daniel D. Domozick
Mark R. Koberna, Esq. (0038985)
Daniel D. Domozick, Esq. (0025040)
Jill R. Cohn, Esq. (0083758)
SONKIN & KOBERNA CO., L.P.A.
3401 Enterprise Parkway, Suite 400
Cleveland, Ohio 44122
Telephone: (216) 514-8300
Fax: (216) 514-4467
mkoberna@sonkinkoberna.com
ddomozick@sonkinkoberna.com
jcohn@sonkinkoberna.com
*Attorneys for Plaintiff, Jason Levine*

## JURY DEMAND

Plaintiff demands, pursuant to Rule 38 of the Federal Rules of Civil Procedure, a trial by jury for all issues so triable.

/s/ Daniel D. Domozick
Mark R. Koberna, Esq. (0038985)
Daniel D. Domozick, Esq. (0025040)
Jill R. Cohn, Esq. (0083758)
SONKIN & KOBERNA CO., L.P.A.
3401 Enterprise Parkway, Suite 400
Cleveland, Ohio 44122
Telephone: (216) 514-8300
Fax: (216) 514-4467
mkoberna@sonkinkoberna.com
ddomozick@sonkinkoberna.com
jcohn@sonkinkoberna.com
*Attorneys for Plaintiff, Jason Levine*